SIMMONS et, Plaintiffs, v. CLEVELAND HEIGHTS (City), A Municipal Corporation, Defendants.

Common Pleas Court, Cuyahoga County.

No. 717182.   Decided April 29, 1959.

Simmons, Metzner, McNelly, Torbet & Vilas, Cleveland, for plaintiff.
King A. Wilmot, Director of Law, Cleveland Heights, for defendant.

## OPINION

By DANACEAU, J.

Charles D. and Catherine B. Simmons, owners and operators for more than one year of an off-street parking lot, bring this action to enjoin the City of Cleveland Heights from appropriating such lands for

municipal off-street parking facilities and from proceeding further in an appropriation proceeding for such purpose now pending in this court.

The owners of the property claim that there is no necessity for such municipal off-street parking facility, that the city is acting unreasonably and unlawfully, and that the city lacks authority to appropriate the lands in question by reason of the provisions of §717.05 R. C., the pertinent parts of which read:

"Municipal corporations may lay out, establish, construct, maintain and operate within their respective corporate limits, off-street parking facilities for motor vehicles, and in connection therewith and for such purpose may acquire by purchase, gift, devise, exchange, lease, or sub-lease any existing off-street parking facilities or any real estate or interest therein required for the construction of such parking facilities. In the exercise of the powers granted in this section for the acquisition of real estate, municipal corporations may exercise the power of eminent domain in the manner provided by §§719.01 to 719.21 inclusive, R. C. Such power of eminent domain shall not extend to or be exercised for the purpose of acquiring real estate owned, leased, or held by a public utility or railroad, or any real estate upon which off-street parking facilities, open to the general public have been established for a period of one year prior to the proposed acquisition thereof."

The principal issue is presented by the last proviso of said §717.05 R. C., that such power of eminent domain shall not extend to or be exercised for the purpose of acquiring real estate upon which off-street parking facilities open to the general public have been established for a period of one year prior to the proposed acquisition thereof. The question is thus presented, is that proviso restricting the authority of a municipal corporation from exercising power of eminent domain under the circumstances noted constitutionally valid and effective?

Section 3, Article XVIII, Ohio Constitution, reads:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

There is here involved no local police, sanitary or similar regulation and we are therefore not concerned with a conflicting regulation of general law. Directly granted by the constitution to municipalities are all powers of local self-government. The grant is to all municipalities, whether they have home rule charters or not. That all municipalities, with or without charters, have the power to acquire, maintain, and operate off-street parking facilities and that such facilities serve a public municipal purpose was settled in State, ex rel. Gordon v. Rhodes, 156 Oh St 81.

All the powers of local self-government granted by the constitution include the power of eminent domain. In State, ex rel. Bruestle v. Rich, 159 Oh St 13, the court in the syllabi said:

"7. 'All powers of * * * self-government' as set forth in Section 3, Article XVIII, Ohio Constitution, include the power of eminent domain."

"9. No provision of the Constitution of Ohio authorizes the interference by general laws with the exercise of the power of eminent domain, to the extent that such power is granted to municipalities by Sections 3 and 10, Article XVIII, Ohio Constitution."

It is thus settled by the highest court of our state that no provision of the state constitution authorizes the interference by general laws with the exercise of the power of eminent domain by a municipality to the extent that such power is granted.

The City of Cleveland Heights has a home rule charter which is silent as to the procedure to be followed for the appropriation of property in the exercise of the power of eminent domain. Nor are there any ordinances providing for such procedure. It necessarily follows that with respect to all matters of procedure the general statutes must be pursued. Pursuing the general statutes we are confronted with the proviso of §717.05 R. C., hereinbefore set forth. The question remains,— is that proviso a matter of procedure or does it go beyond mere procedure and restrict the exercise of a power granted all municipalities directly by the constitution of Ohio and with which the General Assembly may not interfere?

The portion of the section in dispute states that such power of eminent domain shall not extend to or be exercised for the purpose of acquiring any real estate upon which off-street parking facilities open to the general public have been established for a period of one year prior to the proposed acquisition thereof. It is quite obvious that the proviso exceeds procedural direction and restricts the substantive right of the municipality to the exercise of a power of local self-government granted by the constitution and to that extent the statute is in conflict with Article XVIII, Section 3, Ohio Constitution. The last provision of §717.05 R. C., is therefore invalid and of no effect.

The plaintiffs have been operating their off-street parking lot in a rather liberal and loose fashion under varying arrangements with tenants, merchants, customers, and other persons. There is no certainty that such arrangements will continue indefinitely nor is there any legal certainty that the use of the property for off-street parking will continue. By appropriating the lands for a public municipal off-street parking facility, operation under firm and enforceable regulations will be possible and its continued use for such parking purposes assured. Furthermore the need for the public facility is amply demonstrated by the existing use of the property.

The necessity of the appropriation and the location and extent of the property to be taken rests in the discretion of the municipal authorities, and will not be interfered with by the courts in the absence of fraud, bad faith or abuse of discretion. All that is required is a reasonable rather than an absolute necessity (19 O. Jur. 2d 636). The evidence before the Court does not support any claim of bad faith or abuse of discretion and there is not even a suggestion of fraud.

With respect to the allegations of damage, the plaintiffs are directed to the appropriation proceedings pending in this court in which the damages for the property taken and to the residue will be assessed and determined.

Upon consideration of the pleadings and the evidence, the Court finds that there is necessity for the public municipal off-street parking facility and for the appropriation of the property herein involved and that in proceeding to appropriate such property the City of Cleveland Heights is acting reasonably and lawfully.

The petition for an injunction is hereby denied and the costs are assessed against the plaintiff. O. S. J.